### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HAKAN LANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 97-2526 (JGP)** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **DELL COMPUTER CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————— | ) | |

| | | |
|---|---|---|
| **UNIBOARD AKTIEBOLAG** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 99-3153 (JGP)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ACER AMERICA CORP. et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————— | ) | |

## MEMORANDUM OPINION

This matter is before the Court pursuant to **Dell Computer Corporation's Petition For Attorney's Fees And Supporting Memorandum** [#s 180, 221].  Dell Computer Corporation is seeking attorneys fees and costs, including pre-judgment and post-judgment interest.  As explained more fully below, the Court concludes that Dell should be awarded a specified amount in attorneys fees, costs, and pre-judgment and post-judgment interest, with various deductions.

## BACKGROUND

On September 6, 2001, the Court granted Dell Computer Corporation's ("Dell") Motion

for Attorneys Fees against Hakan Lans ("Lans") and Uniboard Aktiebolag ("Uniboard").[1]  Dell

subsequently filed it's fee petition against Uniboard and Lans ("Plaintiffs") on October 12, 2001

and October 15, 2001, respectively.  However, on January 14, 2002,  Plaintiffs filed a Motion for

Reconsideration of the September 6, 2001 order.  The Court denied plaintiffs' motion on June 23,

2005; after which Dell filed a supplemental petition for fees, costs, and pre-judgment and post-

judgment interest.

For fees and expenses incurred before September 27, 2001, Dell requests an award of

$782,179 against Lans ("Petition I").[2]  This award includes $568,052 requested in Dell's first

petition, and $214,127 in pre-judgment and post-judgment interest.  As against Uniboard

("Petition II"), Dell requests $61,840 that includes $48,508 requested in the original petition, and

$13,332 in pre-judgment and post-judgment interest.[3]  Id.

For fees and expenses incurred since September 27, 2001 ("Petition III"), Dell requests an

award of $182,303 against Lans and Uniboard collectively.[4]  This calculation includes $159,632

for attorney's fees, $15,771 for expenses, and $6,900 in post-judgment interest.  Id.

---

[1]The Court found that the case was  "exceptional" as required for an award of attorney fees under 35 U.S.C. § 285.  See September 6, 2001 Mem. Op.

[2]Dell initially filed separate attorney fee petitions against Lans and Uniboard ("Petitions I and II").  The supplemental fee petition was filed against Lans and Uniboard jointly ("Petition III").

[3]Dell's petition specifically requests $60,008.  See Dell's Suppl. Petition at 2.  However, the actual calculation amounts to $61,840.

[4]Dell's first petition requested fees and expenses through September 26, 2001.  Hence, Dell's supplemental petition requests fees and expenses incurred since September 27, 2001.

2

**DISCUSSION**

I. *Standard for Determining Attorney Fee Awards*

When assessing whether an attorney fee request is reasonable, the court must multiply the number of hours expended on the litigation by a reasonable hourly rate. <u>Bolden v. J & R, Inc</u>., 135 F.Supp.2d 177, 179 (D.D.C. 2001), <u>citing</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). An attorney's billing rate is presumed reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Cumberland Mountains, Inc. v. Hodel</u>, 273 U.S.App.D.C. 78, 80-81, 857 F.2d 1516, 1518-19 (1988).

The fee applicant bears the burden of establishing entitlement to an award, and documenting the appropriate hours expended and the hourly rates. <u>Hensley</u>, 461 U.S. at 437, 103 S.Ct. at 1941. The documentation must be sufficient in detail and probative value to allow the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended. <u>Role Models America v. Brownlee</u>, 359 U.S.App.D.C. 237, 353 F.3d 962, 970 (2004). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." <u>Hensley</u>, 461 U.S. at 433, 103 S.Ct. at 1939. Hence, counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or unnecessary. <u>Id.</u> at 434, 1939.

II. *Petitions I & II*

A. Reasonableness of Hourly Rates

Plaintiffs claim that the hourly rates in Petitions I and II are unreasonable and not properly supported. <u>See</u> Lans Resp. at 6, Uniboard Resp. at 3. However, Dell produced National Law

3

Journal surveys for the billing years covered in Petitions I and II, which prove that it's attorney billing rates were in line with the market rates of other attorneys. [5]  See Dell's Reply to Lans Resp., Ex. B-H.  Moreover, courts in this circuit recognize National Law Journal surveys as sufficient evidence of the reasonableness of attorney fee rates.  See Salazar v. District of Columbia, 123 F.Supp.2d 8, 14 (D.D.C. 2000); Davis v. The Catholic Univ. Of Am., No. 99-1153, 1999 WL 813663, at * 4 (D.D.C. August 31, 1999) .  Hence, the Court finds that the attorney fee rates in Petitions I and II are reasonable.

B.  Vague Entries

Lans claims that some of the time entries in Petition I are so inadequately described or redacted that it is impossible to assess the reasonableness of the fee.  See Lans' Resp.  at 6.  These include entries such as: "review draft brief" and "attention to consultant agreement."  Id. Similarly vague entries were included in Petition II; including repetitive entries where three attorneys billed for processing a notice of appearance.  See Uniboard's Resp. at 3.  "Such generic time entries are inadequate to meet a fee applicant's 'heavy obligation to present well-documented claims.'"  Role Models, 353 F.3d at 971, quoting Kennecott Corp. v. EPA, 256 U.S.App.D.C. 218, 222, 804 F.2d 763, 767 (1986).  Therefore,  the total fee requested in Petition I should be reduced by $6,718, and Petition II should be reduced by $2,878.

C. Duplicative Litigation

Lans argues that Dell's fees in Petition I should be reduced by $13,446 for hours spent

---

[5]The two attorneys that billed the most hours in Petition I, Mitchell Lukin and Scott Partridge billed at rate well within the billing range of comparable attorneys in the National Law Journal surveys for their billing years.  See Dell's Lans Petition, Ex. 3;  Dell's Lans Reply, Ex. B-H.

filing redundant motions.  See Lans' Resp. at 8.  In support of his claim, Lans refers to two 1998

filings where Dell filed two motions for a protective order within 10 days.[6]  Id.  Dell claims that

the motions were necessary at the time to respond to the actions of Lans' counsel.  See Dell's

Reply to Lans at 12.   Given the nature of the filings, the Court is satisfied that the  filings at issue

were not duplicative, but necessary for the litigation.

D. Unrelated Matters

Lans claims that Petition I includes billing for matters unrelated to the litigation.  Lans

specifically refers to time billed for research into the possibility of certain litigation.[7]  See Lans

Resp. at 4.  Dell argues that the research was direct result of the law suit, and was necessary to

protect Dell's interests.  See Dell's Reply to Lans at 6.  Upon review of the entries, the Court

agrees with Dell and will not take any deductions on this basis.

Lans also requests a reduction in Petition I for the billing of matters related to the

Uniboard litigation.  Since Dell filed a separate attorney fee petition against Uniboard (referred to

as "Petition II"), those fees should be deducted.  Hence, Petition I should be reduced by $1,365.

E. Unjustified Time Entries

Plaintiffs claim that Petitions I and II  include unjustifiable entries for time spent on

staffing issues, research on the Court, and the filing and preparing of indexes.  Lans Resp. at 5,

Uniboard Resp. at 3.  The Supreme Court has held that "purely clerical or secretarial tasks should

---

[6]Dell filed a motion for a protective order on 3/31/98, and another motion on 4/10/98
extending response dates.

[7]These entries included time for "analysis of possible ITC action," and "telephone
conferences and correspondence regarding possible declaratory judgment action."  See Lans
Resp. at 4.

not be billed at a paralegal rate regardless of who performs them." <u>Missori v. Jenkins</u>, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 2472 n.10 (1989).  Hence, entries for time spent preparing indexes and addressing staffing issues should be excluded. Accordingly, Petition I should be reduced by $6,478.65, and Petition II should be reduced by $372.

F. Non-Taxable Expenses

In Petitions I and II, Dell requests non-taxable expenses for photocopying, facsimile, and telephone calls.[8] Lans argues that Dell is not entitled to non-taxable expenses because the Court's September 6, 2001 order, granting Dell's motion for attorney fees, does not specifically provide for such expenses.  <u>See</u> Lans Resp. at 10, Uniboard Resp. at 6.  However, Dell's motion for attorney fees included a request for non-taxable expenses as required under Federal Rule of Civil Procedure 54(d)(2)(a).  <u>See</u> Dell's Mot. Atty Fees.  Moreover, the Federal Circuit interprets attorney fees under 35 U.S.C. § 285 to include "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."  <u>Mathis</u>, 857 F.2d at 757, <u>quoting</u> <u>Central Soya Co. v. Geo. A. Hormel & Co.</u>, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Nonetheless, since Dell has not provided the Court with information to determine how these costs are attributable to the litigation, the expenses in Petitions I and II shall be reduced by 50 percent. <u>See</u> <u>Role Models</u>, 353 F.3d at 974;  <u>In re North</u>, 313 U.S.App.D.C. 188, 199, 59 F.3d 184, 189 (1995).

III. *Petition III*

A. Reasonableness of Rates

---

[8]Plaintiffs do not make an argument against the inclusion of non-taxable expenses in Petition III.  <u>See</u> Pls.' Resp.

Plaintiffs argue that Dell's rates in Petition III are above the market rate, and therefore should be reduced by 27.6 percent.  See Pls.' Opp. to Dell's Suppl. Petition ("Pls.' Opp.") at 8. Plaintiffs refer to the 2002 AIPLA survey which shows that Dell's hourly rates were well above the 75th percentile.  Id.  Dell contends that the rates were necessary to account for counsels' experience.  Dell also references National Law Journal surveys showing that their hourly rates are consistent with the prevailing market rate.  See Dell's Reply to Pls.' Opp.[9]  While courts in this circuit have found National Law Journal surveys instructive in determining whether rates are reasonable, they have also looked to American Intellectual Property Law ("AIPLA") surveys which take into account the experience and practice area of the attorney.  See Salazar, 123 F.Supp.2d at 14; Davis, No. 99-1153, 1999 WL 813663, at * 4 (finding National Law Journal surveys sufficient to support attorney fee rates).  See also Mathis, 857 F.2d at 7576 (approving the use of AIPLA surveys to determine reasonableness of hourly rates).  Hence, in the interest of equity, the Court will apply a weighted reduction of 15 percent to Dell's rates in Petition III.

B. Vague Entries

Plaintiffs claim that Dell's entries in Petition III are too vague to assess the reasonableness of the charge.  These charges include: "advice regarding attorneys fees," "advice regarding strategy," "communications regarding case status," "consideration of attorneys fees appeals issues," and "communications regarding attorneys' fees appeals."  See Pls.' Opp. at 3, Ex. A. Upon review of these entries, the Court finds that Petition III should be reduced by $11,278.

C. Unnecessary Billing

Plaintiffs claim that of Dell's time entries in Petition III are repetitive and unnecessary.

---

[9]See also Dell's Reply to Pls.' Opp., Ex. L-N.

One such set of entries concerns retrieving docket sheets from the Court of Appeals for the Federal Circuit.  See Pls.' Opp., Ex. A.  Plaintiffs' argue that these charges are unnecessary given the ability to retrieve docket sheets on the PACER system.  Id. at 5.  Other duplicative charges include numerous time entries for "retrieving hearing transcripts."  Id. at 6.  Since duplication of effort is a basis on which hours may be reduced, Petition III shall be reduced for such charges in the amount of  $2,103.  See Role Models America, Inc., 353 F.3d at 972.[10]

D. Secretarial Tasks

Plaintiffs argue that entries for tasks such as "organizing files" are purely administrative, and hence are not billable.  See Pls.' Opp., Ex. A.  The entries at issue include time billed for: "organizing files," "updating files," and "processing incoming court papers."  The Supreme Court has held that "purely clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 2472 n.10 (1989).   Hence, Petition III should be reduced by $1,443.

Plaintiffs also reference an entry by a senior partner for  "preparation of brief."  See Pls.' Opp. at 6, Ex. A.  Plaintiffs argue that it is inappropriate for a senior partner to take care of such administrative tasks.  As the entry itself is vague, and Dell has not proffered how preparation by that partner was necessary to further the litigation, Petition III should be reduced by an additional $1,322.50.

E. Inapplicable Matters & Unidentified Expenses

---

[10]Plaintiffs also contend that Petition III should be reduced to account for three partners who, in the course of two days, billed for reading the same pleading.  See Pls.' Opp. at 7. However, upon review of the records, it appears that the entries are not exactly the same and it is not expressly clear that all three partners billed for reviewing the exact same pleading.

Plaintiffs also seek deductions for charges related to the malpractice action.[11]  Since the malpractice case is a separate action before this Court, Petition III should be reduced by $591.50. The Court shall further reduce Petition III for unidentified expenses totaling $2,842.41.  See Pls.' Opp, Ex. C.

III.  *Pre-Judgment Interest*

A district court has authority "in cases of 'bad faith or other exceptional circumstances' to award prejudgment interest on the unliquidated sum of an award made under [35 U.S.C. § 285]." Mathis, 857 F.2d at 761.  In it's September 6, 2001 opinion, this Court found that the above-captioned cases were "exceptional" as required for an award of attorneys fees pursuant to 28 U.S.C. § 285.  See September 6, 2001 Mem. Op. at 11, 19.  Accordingly, Dell is entitled to pre-judgment interest on it's attorney fee award.

IV. *Post-Judgement Interest*

Plaintiffs contend that Dell is not entitled to post-judgment interest until the Court determines an appropriate award.  The Federal Circuit has held that interest on an attorney fee award "runs from the date of the judgment establishing the right of the award, not the date of the judgment establishing its quantum." Mathis, 857 F.2d at 760.  Moreover,  the Supreme Court has held that "the purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between ascertainment of the damage and the payment by defendant." Kaiser Aluminum & Chem Corp. v. Bonjorno, 494 U.S. 827, 835-36, 110 S.Ct. 1570, 1576 (1990).  Accordingly, Dell is entitled to post-judgment interest beginning

---

[11]On November 5, 2002 Plaintiffs brought a malpractice against the attorneys who previously represented them in the above-captioned cases.  See Lans v. Adduci, Mastriani & Schaumberg, Civil Action No. 02-2165.

from September 6, 2001.

## CONCLUSION

For the foregoing reasons, Dell shall be awarded $503,557.35 in attorneys fees and $24,996.50 expenses, plus pre-judgment and post-judgment interest for Petition I. With respect to Petition II, Dell shall be awarded $40,975 in fees, $2141.50 in expenses, plus pre-judgment and post-judgment interest. With regard to Petition III, Dell shall be awarded $161,570 in fees minus a weighted reduction of 15% in attorney billing rates, and $15,771 in expenses, plus post-judgment interest. An appropriate order accompanies this Memorandum Opinion.

.

**Date: September 30, 2005**                                 **JOHN GARRETT PENN**
                                                            **United States District Judge**